UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| ELKANO MASTERSON, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
| v. | ) | No. 3:16 CV 38 |
|  | ) |  |
| SUPERINTENDENT, | ) |  |
|  | ) |  |
| Respondent. | ) |  |

## OPINION AND ORDER

Elkano Masterson, a pro se prisoner, filed a habeas corpus petition challenging the prison disciplinary hearing (WCC 15-07-32) where a Westville Correctional Facility Disciplinary Hearing Officer (DHO) found him guilty of possession of unauthorized property in violation of prison rule B-215 on July 8, 2015, and deprived him of 30 days earned credit time. (DE # 1 at 1.) Masterson's petition raises four grounds, but all four grounds are different variations of his argument that the DHO did not have sufficient evidence to find him guilty. The court agrees.

The facts of this case are not in dispute. Masterson's cell was searched and a blue ski cap was found on his bunkbed. (DE ## 7-1 at 1; 7-4 at 1). He was charged with possession of unauthorized property. (DE # 1 at 1.) Masterson argues both that the hat belonged to his cellmate, and that the hat was not contraband because it was issued by a different IDOC facility. (*Id.* at 2-3.) Respondent only addresses the first part of Masterson's petition, arguing that constructive possession is a sufficient basis on which to impose discipline. (DE # 7 at 6.) The issue, however, is not whether Masterson had

actual or constructive possession. Rather, the issue is whether the blue ski cap was contraband.

The Conduct Report charges Masterson as follows: "[o]n above date, 06-30-2015, at approximately 2:15 pm I Officer S. Cordona performed a shakedown on offender Masterson, Elkano # 910270 bunk 8W244 and confiscated a blue knitted ski cap." (DE # 7-1 at 1.) Masterson's hearing took place on July 8, 2015. (DE # 7-4 at 1.) At his hearing, Masterson reported that the ski cap was not his. (*Id.*) The DHO found Masterson guilty of possession of contraband "[b]ased on Conduct Report, offender statement, photo, evidence record." (*Id.*)

Masterson argues that the hat was an IDOC-issued hat. (DE # 1 at 2.) He argues that a different IDOC facility issues blue hats to prisoners, and that Westville does not confiscate these hats upon transfer to Westville. (*Id.*) While respondent does not directly address the issue, the IDOC tacitly conceded the point when, in response to Masterson's disciplinary appeal, the facility denied the appeal on the basis that "[t]his particular hat is not issued at this facility." (DE # 7-6 at 1.)

While there may be a rule at Westville prohibiting possession of blue ski hats, respondent fails to identify one. The Conduct Report states only that Masterson was in possession of the hat in violation of IDOC policy B-215. (DE # 7-1 at 1.) This policy is violated by the "[u]nauthorized possession, destruction, alteration, damage to, or theft of State property or property belonging to another." Adult Disciplinary Process, Appendix I. http://www.in.gov/idoc/files/02-04-101_APPENDIX_I-OFFENSES_6-1-2015(1).pdf. However, there is no explanation in any of the disciplinary documents

2

addressing the question of why Masterson's possession of the hat violated B-215. Respondent also fails to address the issue in the response.

Masterson, on the other hand, identifies a number of prison policies that appear to permit the possession of the hat. The Westville Correctional Facility General Rules and Procedures state:

> Offenders at the Westville Correctional Facility are allowed to possess only those items permitted by Offender Personal Property Policy 02-01-101. Offenders are authorized to possess items purchased through facility commissary and approved facility programs within authorized limits. Upon arrival at Westville Correctional Facility, all personal property will be inventoried. Approved items can be retained by the offender.

(DE # 8-1 at 5.) Westville policy also states, "[i]tems of personal property which are not State issued, Commissary purchased, or otherwise authorized by Westville Correctional Facility [are] strictly prohibited." (DE # 8-1 at 8.) Masterson contends that the hat was state issued, and therefore permitted pursuant to the facility's rules. Respondent does not address Masterson's argument and does not address how possession of the hat violated prison policy.

There is no evidence that Masterson violated any IDOC policy. While the evidentiary bar for prison disciplinary hearings is low, there must be some evidence of guilt.

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt.

3

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted). Here, there is no evidence that any IDOC policy prohibits possession of blue ski hats. In fact, the evidence suggests that the hat was IDOC issued. While the rules state that "[i]tems brought in from other facilities are subject to the procedures of Westville Correctional Facility and may not be authorized" (DE # 8-1 at 6), respondent does not identify any such policy that is applicable here. In the absence of any evidence that the hat constituted contraband property, the DHO did not have sufficient evidence to find Masterson guilty.

For these reasons, the Habeas Corpus petition (DE # 1) is **GRANTED**. The respondent is **ORDERED** to file documentation by June 1, 2017, showing that the guilty finding in WCC 15-07-32 has been vacated and Elkano Masterson's earned credit time restored.

**SO ORDERED.**

Date: April 26, 2017

s/ James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT